# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

| | |
|---|---|
| E.W. by and through his guardian, RONNITA BRYANT, | )<br>)<br>) |
| | ) Civil Action No. 18-cv-12965 |
| Plaintiff, | ) |
| | ) Hon. Arthur J. Tarnow |
| v. | )<br>)<br>) |
| SECURITAS SECURITY SERVICES USA, INC., DETROIT PUBLIC SCHOOLS, MYRON MONTGOMERY in his Individual capacity, and BROADUS WILKINS in His Individual Capacity, | )<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendant(s). | ) |

| | |
|---|---|
| MARKO LAW, PLC<br>Jonathan R. Marko (P72450)<br>Counsel for Plaintiffs<br>645 Griswold Street, Suite 4100<br>Detroit, Michigan 48226<br>(313) 965-5555<br>jon@ernstmarkolaw.com | DETROIT PUBLIC SCHOOLS<br>COMMUNITY DISTRICT<br>OFFICE OF THE GENERAL<br>COUNSEL<br>Theophilus E. Clemons (P47991)<br>Rebecca Shaw Hicks (P40734)<br>Jenice Mitchell Ford (P61511)<br>Attorneys for Defendants<br>Detroit Public Schools and Broadus Wilkins<br>3011 W Grand Blvd., Suite 1002 |

Detroit, MI 48202  
(313 873-4527  
Theophilus.clemons@detroit12.org

_____/

## PLAINTIFF'S FIRST AMENDED COMPLAINT AND JURY REQUEST

NOW COME the above-named Plaintiffs, by and through their counsel, MARKO LAW, PLC, and for their First Amended Complaint against the above-named Defendants, state as follows:

### JURISDICTION AND VENUE

1. Plaintiff Ronnita Bryant and her minor, Elijah Wynn, are residents of the City of Detroit, County of Wayne, and State of Michigan.

2. Plaintiff Elijah Wynn is a fourteen-year-old male and a student of West Side Academy in the Detroit Public School District.

3. The Defendant School District is a public educational institution located in the County of Wayne, State of Michigan.

4. Defendant Broadus Wilkins, upon information and belief, is a security officer employed by the Detroit Public School District.

5. Defendant Myron Montgomery, upon information and belief, is an assistant principal at West Side Academy.

6. Defendant Securitas Security Services USA, Inc. ("Securitas") is a corporation that conducts business in the State of Michigan and does in fact

regularly and systematically conduct this business in the County of Wayne, State of Michigan.

7. John Doe I and John Doe II, upon information and belief, are security officers employed by Defendant Securitas.

8. The transactions and occurrences giving rise to this action took place in Wayne County, Michigan.

9. That the amount in controversy greatly exceeds this Court's jurisdictional requirement.

## FACTUAL ALLEGATIONS

10. On October 9, 2017, Plaintiff attempted to enter his high school, West Side Academy, in Detroit, Michigan, to retrieve his wallet that he had left inside.

11. As Plaintiff made his way into the school, he was accosted just inside the entrance by Defendant Montgomery.

12. Montgomery refused to allow Plaintiff by to retrieve his wallet.

13. Montgomery, several inches taller than and more than twice as heavy as Plaintiff, then proceeded to push and drag Plaintiff out two sets of doors before slamming Plaintiff on the concrete.

14. At that point, Defendant Wilkins swung his arm at Plaintiff so forcefully that Plaintiff's jaw shattered.

15. Wilkins then dragged Plaintiff across the concrete immediately outside of the school entrance.

16. The unnecessary and unreasonable force used by Defendants Wilkins and Montgomery in the course of their employment is the proximate cause of Plaintiff's catastrophic injury.

## COUNT I - VIOLATION OF 4th and 14th AMENDMENTS
*Excessive Force / Illegal Search and Seizure*

17. Plaintiffs, by reference, incorporate the preceding paragraphs of their Complaint as though fully set forth herein.

18. The actions and/or omissions of Defendant Wilkins as described above constitute excessive force in violation of the Fourth and Fourteenth Amendments to the United States Constitution, cognizable under 42 U.S.C. § 1983.

19. The acts complained of were carried out by the Defendant's individual capacity as a security officer, within the actual and/or apparent authority of Defendants Securitas and Detroit Public Schools.

20. 42 U.S.C. § 1983 provides that:

> Every person, who under color of any statute, ordinance, regulation, custom or usage of any state or territory or the District of Columbia subjects or causes to be subjected any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the constitution and law shall be

liable to the party injured in an action at law, suit in equity, or other appropriate proceeding for redress . . .

21. Plaintiff in this action is a citizen of the United States and Defendants Wilkins and Montgomery are persons for purposes of 42 U.S.C. § 1983.

22. Defendants Montgomery and Wilkins at all times relevant hereto, were acting under the color of state law in their capacities as a Detroit Public Schools assistant principal and hired security for Detroit Public Schools, respectively, and their acts and/or omissions were conducted within the scope of his official duties or employment.

23. At the time of the complained of events, Plaintiff had a clearly established constitutional right under the Fourth and Fourteenth Amendment to be free from excessive force and illegal search and seizure.

24. Defendants Wilkins and Montgomery's actions and use of force, as well as their seizure and detention of Plaintiff, as described herein, were objectively unreasonable in light of the facts and circumstances confronting them and violated Plaintiff's clearly established constitutional rights.

25. The force used by Defendants Wilkins and Montgomery shocks the conscience and constitutes malicious and/or reckless, callous, and deliberate indifference to Plaintiff's federally protected rights.

26. The above-described instances of the force used served no pedagogical or educational purpose but constituted gratuitous and unjustified

physical and psychological violence that had no relationship to any legitimate objective.

27. Securitas' officers and/or agents were acting under the color of law and should be considered "state actors" for the following reasons, including but not limited to:

    a. Securitas' officers and/or agents performed a public function at a state funded public high school;

    b. Defendant Detroit Public Schools coerced, influenced, or encouraged the performance of Securitas' officers' acts, thereby making Securitas' actions "state actions";

    c. Securitas exercised powers which are traditionally exclusively reserved to the state by providing a crucial function of Michigan's education system;

    d. Defendants Securitas and Detroit Public Schools have a sufficiently close relationship as a result of the public function they perform, so that Securitas' action should be attributed to Detroit Public Schools;

    e. Any and all other reasons to be discovered through the course of litigation.

28. Alternatively, Securitas employees John Doe I and John Doe II assisted and/or encouraged Defendant Wilkins in these constitutional violations and/or stood by and allowed them to occur despite an ability and duty to stop them.

29. Defendants are not entitled to qualified immunity for the complained of conduct.

30. As a direct and proximate result of Defendants' actions, Plaintiff was seriously and severely injured.

## **COUNT II –** *MONELL* **CLAIM**

31. Plaintiffs, by reference, incorporate the preceding paragraphs of their Complaint as though fully set forth herein.

32. A municipality may be liable under 42 U.S.C. § 1983 if it had a policy or custom of failing to train, supervise, and/or discipline its employees and that failure to train caused the constitutional violation. *Payton v. City of Detroit*, 211 Mich. App. 375 (1995) (Quoting *Collins v. Harker Heights*, 503 U.S. 115 (1992)).

33. Plaintiff has been subjected to a deprivation of clearly established, constitutionally protected rights and privileges secured by the United States Constitution as set forth herein.

34. The foregoing rights were clearly established at the time of their violations.

35. The deprivations were caused by the series of policies, customs, and/or established practices by Defendants Detroit Public Schools and Securitas, acting under the color of law, including but not limited to:

   a. Failing to train and supervise Detroit Public School administrative staff, security staff, and hired security staff, such as Defendant Securitas, to properly interact with students;

   b. Condoning physical assault on students;

   c. Failing to train Defendant Montgomery to investigate complaints of suspected physical assault or take steps to prevent the occurrence of physical assault against students;

   d. A policy, practice, or custom of failing to investigate complaints of suspected physical assault and abuse made by families of individuals such as Plaintiff Elijah;

   e. A custom of failing to supervise or discipline Detroit Public School security and hired security staff, such as Defendant Securitas;

   f. Other policies, customs, and practices to be discovered through the course of litigation.

36. Defendant Detroit Public Schools' policies, customs, and established practices of failing to train, supervise, and/or discipline are objectively deliberately

indifferent to the likelihood of a student being physically assaulted by security staff such as Wilkins or hired security such as Securitas staff.

37. Defendant Detroit Public Schools had actual or constructive knowledge of the likelihood of danger to student by utilizing security staff such as Wilkins or Securitas, and consciously disregarded this known danger.

38. The foregoing violation of 42 U.S.C. § 1983 caused substantial damages to Plaintiff Elijah as alleged herein including, but not limited to, severe and permanent psychological damages, physical harm, and emotional distress.

## COUNT III - ASSAULT & BATTERY
*(As to Defendants Wilkins and Montgomery)*

39. Plaintiffs, by reference, incorporate the preceding paragraphs of their Complaint as though fully set forth herein.

40. Defendant Wilkins's conduct against Plaintiff Elijah constitutes the torts of assault and battery.

41. Defendant's conduct was without consent or legal justification.

42. As a direct and proximate result of Defendants' actions, Plaintiff was seriously and severely injured.

## COUNT IV - GROSS NEGLIGENCE
*(As to Defendants Wilkins and Montgomery)*

43. Plaintiffs, by reference, incorporate the preceding paragraphs of their Complaint as though fully set forth herein.

44. Defendants owed a duty of care to Plaintiff.

45. Defendant Wilkins knew or should have known that his conduct would cause personal and serious injuries to Plaintiff.

46. Defendant acted with reckless and disregard of the need to use reasonable care, which was likely to cause foreseeable injury or harm to Plaintiff.

47. As the direct and proximate result of Defendants negligence, Plaintiff was seriously and severely injured.

## COUNT V - NEGLIGENCE
*(As to Defendant Securitas and its employees)*

48. Plaintiffs, by reference, incorporate the preceding paragraphs of their Complaint as though fully set forth herein.

49. At all times material, Defendant Wilkins was under the direction, supervision, and control of Defendant Securitas and Defendant Detroit Public School District.

50. Defendant Securitas breached its duty to Plaintiff in the following ways, including but not limited to:

   a. Failing to train and supervise its employees, such as Defendant Wilkins, to properly interact with students;

   b. Condoning physical assault on students;

   c. Failing to train its employees so as to prevent the occurrence of physical assault against students;

    d. Negligently training, supervising, retaining, and or hiring employees;

    e. Failing to discipline employees so as to prevent repeated occurrences of physical assault against students;

    f. Other policies, customs, and practices to be discovered through the course of litigation.

51. At all times material, Defendant Securitas and Defendant Detroit Public School District directly or through its agents, negligently hired, trained, retained and/or supervised Defendant Wilkins and John Doe I and John Doe II.

52. As a direct and proximate cause of Defendants' wrongful conduct, Plaintiff was seriously and severely injured.

## COUNT VI - VICARIOUS LIABILITY

53. Plaintiffs, by reference, incorporate the preceding paragraphs of their Complaint as though fully set forth herein.

54. Defendant Securitas and Defendant Detroit Public School District are liable for all of the wrongful acts and/or omissions of its employees, including Defendant Wilkins under the doctrine of *respondeat superior* liability, agency liability, and/or vicarious liability.

55. As a direct and proximate cause of Defendants Wilkins and Montgomery's wrongful conduct for which Defendants are liable, Plaintiff was seriously and severely injured.

## DAMAGES

56. Plaintiffs, by reference, incorporate the preceding paragraphs of their Complaint as though fully set forth herein.

57. As a direct and proximate result of Defendants' illegal acts and/or omissions, Plaintiff suffered the following injuries and damages including, but not limited to:

   a. Broken jaw;

   b. Physical pain and suffering;

   c. Mental anguish;

   d. Emotional distress;

   e. Severe anxiety;

   f. Fear and humiliation;

   g. Medical treatment;

   h. Reasonable attorney fees and costs;

   i. Other damages to be revealed during the course of discovery and litigation.

58. Plaintiff is entitled to compensatory as well as punitive damages, costs and attorney fees.

WHEREFORE, Plaintiffs respectfully request this Honorable Court grant Judgment in their favor and against Defendants, in an amount the Court or jury deems just and fair.

Respectfully submitted,

/s/ Jonathan R. Marko
Jonathan R. Marko (P72450)
Counsel for Plaintiffs
**Marko Law, PLC**
645 Griswold Street, Suite 4100
Detroit, Michigan 48226
Phone: (313) 965-5555
Fax: (313) 965-5556

Dated:  October 1, 2018

## JURY REQUEST

NOW COMES the Plaintiffs, by and through their attorneys, Marko Law, PLC, and respectfully request a trial by jury.

Respectfully submitted,

/s/ Jonathan R. Marko

                                  Jonathan R. Marko (P72450)
                                  Counsel for Plaintiffs
                                  **Marko Law, PLC**
                                  645 Griswold Street, Suite 4100
                                  Detroit, Michigan 48226
                                  Phone: (313) 965-5555
                                  Fax: (313) 965-5556

Dated: October 1, 2018

## CERTIFICATE OF SERVICE

I hereby certify that on October 1, 2018, I served the foregoing paper to the above listed attorneys of record via this Court's e-file system.

*/s/ Marissa A. Williams*